WOLF, Judge.
This is an appeal of a dismissal with prejudice of a second amended petition for dependency filed by the Department of Health and Rehabilitative Services (HRS). The dismissal was predicated upon the failure of the petition to state a specific date upon which the alleged sexual abuse occurred. HRS and the guardian ad litem argue that it was error for the trial court to have dismissed the petition with prejudice. We agree and reverse.
*1073 The dependency petition in question alleged that A.S.’s father had sexually abused her on at least one occasion over the last 12 months. Two previous petitions had been dismissed based on the absence of sufficient particularity with regard to the date or dates on which the sexual abuse had allegedly occurred. At the hearing on the motion, the Department of Health and Rehabilitative Services (HRS) stated that it has not been able to obtain the specific dates of the alleged abuse because the child was deaf. In addition, the petition stated that the child is fearful of giving further details about the incident or incidents because she is afraid of being beaten by her father. The trial judge dismissed the petition without leave to refile because the state had at least two opportunities to amend and had failed to successfully do so. In the judge’s order dismissing the case, he makes no findings concerning HRS’s ability to narrow the time frame and no findings regarding the prejudice to the father caused by the failure to allege a more specific time period.
Generally, a dependency petition should not be dismissed for being vague, indistinct or misleading, but rather is subject only to a motion for a more definite statement. See rule 8.720(d), Fla.R.Juv.P. Even in criminal cases, an information is not subject to dismissal for failure to allege a precise date if it can be shown that the offense occurred in a specified time period within the statute of limitations. State v. Jones, 589 So.2d 535, 537 (Fla. 3rd DCA 1989). Where no findings have been made concerning the good-faith ability of the state to narrow the time frame, or concerning prejudice to the defendant, it is error to dismiss the dependency petition.[1] In a case involving a dependency petition where the purpose is protection of a child, we do not perceive that a greater burden should be placed on the state than in a criminal case. We, therefore, find that the trial court erred in dismissing the petition without making appropriate findings.
Reversed.
ZEHMER and BARFIELD, JJ., concur.

. This is especially true where one of the reasons that the state may be unable to obtain more precise information concerns the familial relationship between the child and the alleged perpetrator.